# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MICHAEL CHANG,

        Plaintiff,

vs.

RICKY NOH, *et al.*,

        Defendants.

Case No.: 2:18-cv-00495-GMN-CWH

**ORDER**

On August 27, 2018, the Court issued an Order, (ECF No. 42), instructing Plaintiff to "show cause as to why the Court should not dismiss this action for failure to satisfy the requirements of subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 or 1332." (*Id.*). On September 5, 2018, Plaintiff and Defendants filed Responses, (ECF Nos. 43, 44).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). The basic statutory grants of subject matter jurisdiction are contained in 28 U.S.C. § 1331, which provides for federal question jurisdiction, and § 1332, which provides for diversity jurisdiction. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Section 1331 provides that federal district courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Under § 1332, diversity jurisdiction is established if an action is between parties of diverse citizenship and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a).

Here, Plaintiff's two causes of action for alter ego liability and successor liability arise under state law. (*See* Compl. ¶¶ 32–69); *see also Village Builders 96, L.P. v. U.S. Labs, Inc.*, 112 P.3d 1082, 1086–87 (Nev. 2005); *Deal v. 999 Lakeshore Ass'n*, 579 P.2d 775, 779 (Nev. 1978). Therefore, the Court is without federal question jurisdiction under § 1331. With respect

to diversity jurisdiction, Plaintiff and Defendant Ricky Noh are residents of California. (*See* Compl. ¶ 7, ECF No. 1; Acknowledgment of Assignment of J. ¶ 7, Ex. D to Compl., ECF No. 1-4); *see also Chang v. Noh*, No. 2:17-cv-06205-RGK-JC (C.D. Cal. Aug. 22, 2017) (Compl. ¶ 3, ECF No. 1). Further, the two other Defendants to this action, MC Crew, Ltd. and The Style N, Inc., are corporations organized under California law and have their principal places of business in California. (*See* Compl. ¶¶ 8–9). Therefore, because all the parties to this action are California residents for jurisdictional purposes, the Court does not have diversity jurisdiction over this action.

Based on the foregoing, the Court finds that it has neither federal question nor diversity jurisdiction over this instant case.[1]

Accordingly,

**IT IS HEREBY ORDERED** that this case is dismissed for lack of subject matter jurisdiction.

The Clerk of the Court is instructed to close the case.

**DATED** this __6__ day of September, 2018.

_____
Gloria M. Navarro, Chief Judge
United States District Judge

---

[1] Plaintiff requests that the Court transfer the instant action to the Central District of California and issue a declaration on the merits of its alter ego claim. (*See* Resp. to Order to Show Cause 2:12–15, ECF No. 44). The Court denies this request as it is without subject matter jurisdiction over this action. *See, e.g.*, *Orff v. United States*, 358 F.3d 1137, 1149 (9th Cir. 2004) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.'") (quoting *Morongo Band of Mission Indians v. Cal. State. Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988)).